ATTACHMENT A - Complaint

1
2
3
4

FILED
2018 DEC 07 12:02 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 18-2-56702-5 SEA

5
6
7
8

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

9
10  ERIC McCURDY,                          )
11              Appellant/Plaintiff,       )
12                                         )   NO.
13      v.                                 )
                                           )   APPEAL FROM DECISION OF
14  SEATTLE SCHOOL DISTRICT,               )   SCHOOL OFFICIALS AND
                                           )   COMPLAINT FOR DAMAGES
15              Respondent/Defendant.      )   AND OTHER RELIEF
                                           )
16                                         )

17      NOW COMES Eric McCurdy, by his attorney Judith A. Lonnquist, and pursuant to RCW
18
19  28A.645.010, files this appeal from the decision of the Superintendent of the Seattle School
20  District rendered on or about November 20, 2018.  Appellant/Plaintiff (hereinafter referred to as
21  "Appellant") also brings this action for redress of violations of his Constitutional rights and other
22  civil wrongs.  Complaining of Respondent/Defendant District (hereinafter referred to as
23  "Respondent"), Appellant states as follows:

24  1.      Appellant Eric McCurdy is a resident of Seattle, Washington, in King County.

25  2.      Respondent Seattle School District is also in King County.

26

APPEAL FROM DECISION OF SCHOOL
OFFICIALS AND COMPLAINT FOR
DAMAGES AND OTHER RELIEF - 1

3.      Appellant is the Executive Director of Athletics who has been employed by Respondent District since November 1, 2010, and who has been terminated without cause and in violation of his Constitutional and civil rights, effective December 31, 2018.   At all times, Appellant's performance has been excellent and his accomplishments on behalf of students have been exemplary.  Appellant is an African American male.

4.      On November 2, 2018, Respondent District issued notification of potential termination of employment, setting forth three reasons:

• The new Superintendent (Denise Juneau) has read the full investigative report on KB (Krystyana Brame) and has concerns about the comments found to be made and your ability to appropriately (sic) lead a program that requires daily student, staff and parent interactions;

• Unfavorable public attention on the District based on the KB (Krystyana Brame) report and settlement; and

The Superintendent has concerns about your continued ability to interact professionally with other District staff, even after the KB (Krystyana Brame)  report was issued.

5.      In November 2015, two disgruntled employees in the Athletic Department, as each was leaving the District's employment, filed a charge against Appellant, claiming that he had violated the District's Policy No. 3207 regarding Harassment, Intimidation, and Bullying ("HIB policy"). The policy governs only behavior that "Is so severe, persistent or pervasive that it creates an intimidating or threatening …work environment."

6.      Rather than retaining an independent investigator, Respondent assigned the investigation to one of its employees, Jason Dahlberg.   Although Mr. Dahlberg requested that Appellant submit names of individuals whom Mr. Dahlberg such interview regarding the allegations against Appellant, which Appellant submitted, Mr. Dahlberg failed to interview all but a few of said individuals.   Respondent subsequently acknowledged that an independent investigator should have been used. On June 20, 2016, Respondent's HR Department found no violation of

APPEAL FROM DECISION OF SCHOOL
OFFICIALS AND COMPLAINT FOR
DAMAGES AND OTHER RELIEF - 2

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086   FAX 206.233.9165

the HIB policy. Thereafter, Ms. Brame exercised her right of appeal from the "nonfinding" On July 28, 2016, Respondent's Deputy Superintendent Stephen Nielsen responded to her appeal stating that the use of "vulgar and profane comments" would not be tolerated and Appellant would be counseled regarding such behavior.   Mr. Nielsen informed Ms. Brame that: "This is a final decision of the District," and that she could appeal the decision to Superior Court within 30 days.  She did not file an appeal.  Thus the District's decision became final as of August 2016.

7.     Ms. Brame then filed a charge of sex discrimination with the U.S. Equal Employment Opportunities Commission ("EEOC").  The EEOC investigated the charge and found no cause to believe discrimination had occurred.   Thereafter, Ms. Brame retained counsel and filed a discrimination lawsuit.

8.     Despite the EEOC's no-cause finding and the lack of any substantial evidence of sexual harassment or retaliation, and over Appellant's objection and request that he be entitled to his day in court to disprove her allegations, Respondent agreed to pay Ms. Brame $500,000 to settle her claim on September 13, 2018. It did so without obtaining a nondisclosure agreement from Ms. Brame.

9.     On information and belief, in the absence of a nondisclosure agreement, Ms. Brame took steps to notify the media of her settlement, and on November 1, 2018, the Seattle Times published a story repeating Ms. Brame's unsubstantiated allegations that "her former boss, Executive Director of Athletics Eric McCurdy, discriminated and retaliated against her and made sexually explicit comments on the job."

10.     The following day, Respondent sent Appellant notice of potential termination, citing, *inter alia*, "unfavorable public attention" brought on by the Respondent's unjustified settlement and inept failure to insist upon nondisclosure as a condition of settlement.

APPEAL FROM DECISION OF SCHOOL
OFFICIALS AND COMPLAINT FOR
DAMAGES AND OTHER RELIEF - 3

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086  FAX 206.233.9165

11.    A pre-termination hearing was conducted on November 16, 2018, at which Appellant presented his case why he should not be terminated. Such hearings are mandated by the U.S. Supreme Court as a public employee's Constitutional right to convince the decision-maker not to terminate his employment. *Cleveland Board of Education v. Loudermill et al.*, 470 U.S. 532, 105 S. Ct. 1487 (1985). The decision-maker, Superintendent Juneau, did not attend. On November 20, 2018, Superintendent Juneau terminated Appellant's employment, effective December 31, 2018.

12.   Superintendent Juneau is a school official of Respondent District, within the meaning of RCW 28A.645.010.

13.    The decision of School Superintendent jeopardizes Appellant's educational and career opportunities and has a stigmatizing impact upon him.

COUNT I

Appellant is entitled to a hearing *de novo* before this court pursuant to RCW 28A.645.010 and .030.

COUNT II

The acts and conduct of the School District have deprived Appellant of property rights without due process, in violation of the Constitution of the United States and the Constitution of the State of Washington.

COUNT III

The acts and conduct of Respondent School District have deprived Appellant of liberty interests, in violation of the Constitution of the United States and the Constitution of the State of Washington.

APPEAL FROM DECISION OF SCHOOL
OFFICIALS AND COMPLAINT FOR
DAMAGES AND OTHER RELIEF - 4

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086  FAX 206.233.9165

## COUNT IV

Respondent has negligently inflicted emotional distress upon Appellant.

## COUNT V

Respondent has engaged in negligent supervision of its officials.

WHEREFORE, Appellant respectfully requests that this Court review and reverse the actions and decisions of the school officials of Respondent District, and restore him to his position as Executive Director of Athletics.  Appellant also seeks the following additional relief:

a.      Economic damages in an amount to be proven at trial;

b.      Reputational and emotional distress damages in amounts to be proven at trial;

c.      Attorney's fees and expenses;

d.      Injunctive and other remedial relief;

e.      Costs of litigation; and

f.      Such other relief as the Court deems appropriate.

Dated this _____ day of December, 2018.

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.

Judith A. Lonnquist, WSBA #06421
Attorney for Appellant Eric McCurdy

APPEAL FROM DECISION OF SCHOOL
OFFICIALS AND COMPLAINT FOR
DAMAGES AND OTHER RELIEF - 5